**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS P. CORCORAN,**

                      **Plaintiff,**

  vs.                                                **5:11-cv-1462
                                                         (MAD/DEP)**

**CHG-MERIDIAN U.S. FINANCE, LTD,**

                      **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**LONGSTREET & BERRY, LLP**             **MARTHA L. BERRY, ESQ.**
313 Montgomery Street
Syracuse, New York 13202
Attorneys for Plaintiff

**JACKSON LEWIS P.C.**                    **SCOTT T. BAKEN, ESQ.**
One North Broadway
White Plains, New York 10601
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court is Plaintiff's motion *in limine*, *see* Dkt. No. 63, and Defendant's motions *in limine*, *see* Dkt. Nos. 69-82.

### II. BACKGROUND

Plaintiff Thomas P. Corcoran brings this against his former employer, Defendant CHG-Meridian U.S. Finance, Ltd. ("CHG")[1], alleging causes of action for age discrimination and

---

[1] Defendant has represented in its filings that its proper corporate title is CHG-Meridian USA Corp. It does not appear that either Plaintiff or Defendant has explained this discrepancy or indicated whether the caption should be amended. As such, the Court shall refer herein to

retaliation under New York Executive Law, and failure to pay commissions and liquidated damages under New York Labor Law.  Plaintiff alleges that he was subjected to a series of adverse employment actions as a result of his age, including the involuntary transfer of accounts, revocation of monthly draw, interference with and failure to support prospective sales, and termination.  Plaintiff further alleges that Defendant retaliated against him for engaging in protected conduct when he was terminated following the filing of administrative complaints with the New York Division of Human Rights.  Finally, Plaintiff alleges that he earned commissions that Defendant has not paid, and that such failure to pay was willful, thus entitling him to liquidated damages and attorneys' fees.

### III.  DISCUSSION

**A.     Plaintiff's Motion *in Limine*[2]**

Plaintiff seeks to preclude Defendant from admitting evidence of his felony conviction for making a false statement to a federal officer under 18 U.S.C. § 1001.  *See* Dkt. No. 62 at 12-14 (arguing that such evidence is inadmissible under Federal Rule of Evidence 609(b)); Dkt. No. 63 (arguing that such evidence is inadmissible under the after-acquired evidence rule).  Defendant asserts that evidence of Plaintiff's felony conviction is admissible both to impeach Plaintiff's credibility pursuant to Rule 609(b) of the Federal Rules of Evidence, and for the purposes of

---

Defendant by the title listed in Plaintiff's Amended Complaint.  The Court encourages the parties to meet and confer on this apparent discrepancy prior to trial and determine whether a stipulation should be entered to amend the case caption.

   [2]  In addition to his motion *in limine*, Plaintiff's pre-trial brief  also raised the issue of the admissibility of certain evidence related to his mental health.  *See* Dkt. No. 62 at 10-12.  Plaintiff subsequently filed a letter request seeking leave to file an additional motion *in limine* on this issue.  *See* Dkt. No. 89.  Thereafter, the Court held a telephone conference in which the Court denied Plaintiff's request, and reserved decision on the admissibility of the contested evidence until trial.  *See* May 8, 2014 Text Minute Entry.

mitigating its damages pursuant to the after-acquired evidence rule set forth in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995). *See* Dkt. No. 97.

   1.   **FRE 609**

The parties agree that Federal Rule of Evidence 609 governs the admissibility of criminal convictions for impeachment purposes in civil actions. Pursuant to this Rule, there are two ways in which such evidence may be admitted. First, Rule 609(a)(1) provides that, for the purpose of attacking the credibility of a witness:

> [E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403,[3] if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted[.]

In other words:

> The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' Fed. R. Evid. 403. This determination is left to the sound discretion of the district court.

*United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005).

"In balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the

---

[3] Rule 403, in turn, provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

3

importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, i.e., whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (citing *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir.1977)).

Second, "evidence that a witness has been convicted of a crime involving 'dishonesty or false statement' must be admitted [under Rule 609(a)(2)] regardless of the severity of the punishment or any resulting prejudice." *Daniels*, 986 F. Supp. at 250 (citing Fed. R. Evid. 609(a)(2)). As a result, "Congress emphasized that the second prong [of Rule 609(a)] was meant to refer to convictions 'peculiarly probative of credibility,' such as those for 'perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.'" *Id.* (quoting Conf. Rep. No. 93–1597, *reprinted in* 1974 U.S.C.C.A.N. 7098, 7103); *see also United States v. Estrada*, 430 F.3d 606, 616 n.3 (2d Cir. 2005) (same).

"However, Rule 609(b) contains a time limitation on the admissibility of prior criminal convictions for impeachment purposes [under either Rule 609(a)(1) or (a)(2)]." *Robinson v. Troyan*, No. CV 07–4846(ETB), 2011 WL 5416324, *2 (E.D.N.Y. Nov. 8, 2011). "Criminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect." *Daniels*, 986 F. Supp. at 249 (citing Fed. R. Evid. 609(b)). "[W]hen convictions more than ten years old are sought to be introduced into evidence pursuant to Rule 609(b) the district judge should make an on-the-record determination supported by

4

specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect." *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978). "Although the factors considered in balancing the evidence's probative value against its prejudicial effect are the same as those considered under Rule 609(a), the heightened standard of Rule 609(b) requires that the evidence has a greater probative value than that required under Rule 609(a)." *Brown*, 606 F. Supp. 2d at 313 (citation omitted). "Accordingly, under Rule 609(b), 'convictions over 10 years old should be admitted very rarely and only in exceptional circumstances,' as ' convictions over ten years old generally do not have much probative value.'" *Id.* (quoting Fed. R. Evid. 609(b), Advisory Committee's Note).

If a court finds evidence of a prior conviction to be admissible for purposes of impeachment, the impeaching party "'is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence.'" *Id.* at 319 n.8 (quoting 4 Weinstein's Federal Evidence § 609.20[2] (2d ed. 2008)); *see also Estrada*, 430 F.3d at 617 ("Rule 609(a)(1) thus contemplates that district courts will admit evidence of the nature of a witness's prior felony convictions, including the statutory name of the offense, the date of conviction, and the sentence imposed, subject to Rule 403."). "In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense[, and] a trial court may also exclude evidence of the length of the sentence when its probative value is outweighed by its prejudicial effect." *Brown*, 606 F. Supp. 2d at 312 (citations omitted).

Plaintiff pled guilty on August 23, 1994, to one count of knowingly and willfully making false statements to federal agents, in violation of 18 U.S.C. § 1001.[4] *See* Dkt. No. 97-2 at 3. On

---

[4] This statute provides, in relevant part, that:
whoever, in any matter within the jurisdiction of the executive,

January 20, 1995, Plaintiff was sentenced to a term of two years of probation and a fine of $6,500. *Id.* Thereafter, on October 4, 1995, Plaintiff pled guilty to violating the terms of his supervision and was sentenced to four months imprisonment and one year of supervised release.[5] *Id.*

There is no dispute that Plaintiff's conviction is "remote" and therefore subject to Rule 609(b). Accordingly, the Court must weigh the probative value of the conviction against the potential prejudice, and rule accordingly.

As to the first factor, the Second Circuit has found "that making a false statement to a government agency is a crime akin to perjury, and that [a] conviction [for violation of 18 U.S.C. 1001] therefore [bears] heavily on [ ] credibility." *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993). That a conviction for making a false statement to a federal officer is probative of a witnesses propensity to tell the truth is clear from the plain text of the statute, and does not require further examination into the specific facts underlying the offense. *See* 18 U.S.C. 1001 (a)(1)-(3). Therefore, the impeachment value of the prior conviction weighs heavily in favor of admitting such evidence.

---

> legislative, or judicial branch of the Government of the United States, knowingly and willfully—
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title, imprisoned not more than 5 years . . . .

18 U.S.C. 1001.

[5] It appears that this conviction arose from an arrest for an unrelated state law crime, which resulted in a violation of a condition of Plaintiff's supervised release. It is the Court's understanding that Defendant does not seek to admit evidence of this conviction. Even were Defendant to seek to admit such evidence, it is presumptively inadmissible under Rule 609(b) and there is insufficient evidence from which the Court could conclude that its probative value substantially outweighs its prejudicial effect.

As to the second factor, it is settled that "the 'probative value of a conviction decreases as its age increases.'" *Twitty v. Ashcroft*, No. 3:04cv410(DFM), 2010 WL 1677757, *2 (D. Conn. Apr. 23, 2010) (quoting 4 Weinstein's Federal Evidence, § 609.05[3][d] at 609-41 (2d ed. 2010)). Since this conviction is nearly twenty years old, this factor diminishes the probative value of Plaintiff's convictions.

"The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226 (KAM)(LB), 2009 WL 1471180,*5 (E.D.N.Y. May 21, 2009). On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause "unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993). Here, neither Plaintiff nor Defendant has presented argument regarding this factor. Nevertheless, there is little similarity between Plaintiff's conviction for making a false statement to a federal agent and his claims of age discrimination and retaliation. Thus, the absence of any danger of unfair prejudice in this regard weighs in favor of admitting this evidence.

Finally, it is undisputed that the plaintiff's credibility is a central issue in this case. The jury will be charged with determining, *inter alia*, whether Defendant has a legitimate basis for terminating Plaintiff's employment (i.e., his unwillingness and/or inability to perform required job functions), or whether such legitimate reasons were merely pretextual. Such a determination will be largely based upon the credibility of Plaintiff himself, and as compared to Defendant's witnesses. "[W]here the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and 'success at trial probably hinges entirely on

7

[the witness's] credibility with the jury,' the fourth factor weighs in favor of admission of the prior conviction." *Jean-Laurent*, 840 F. Supp. 2d at 544. Therefore, this factor weighs heavily in favor of admitting the convictions for impeachment purposes *See, e.g.*, *id.*; *Robinson*, 2011 WL 5416324, at *2.

Based on the foregoing considerations, the Court finds that the probative value of the fact of Plaintiff's felony conviction substantially outweighs the prejudicial effect of this evidence. However, the probative value of the factual circumstances underlying Plaintiff's conviction is substantially outweighed by the danger of unfair prejudice. Accordingly, evidence only as to the name of the offense, the date of the conviction, and the sentence is admissible. *See Giles v. Rhodes*, No. 94 CIV. 6385(CSH), 2000 WL 1510004, *1 (S.D.N.Y. Oct. 10, 2000) ("numerous courts have exercised their discretion to admit evidence of the fact that a witness has been convicted of a felony while barring evidence of the underlying details of the offense").

### 2. After-Acquired Evidence Rule

Having found that evidence of Plaintiff's felony conviction to be admissible for the purposes of impeaching his credibility, the Court must next determine whether it is admissible under the after-acquired evidence rule. The after-acquired evidence rule applies where an employer attempts to introduce evidence that was not known by the employer at the time of the employee's termination as a post-hoc justification for the employer's decision to discharge the employee. *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 361 (1995). In *McKennon*, the Supreme Court determined that after-acquired evidence of employee misconduct that was not the basis for the employer's decision to terminate the employee was not relevant for the purpose of determining whether the employer had violated the Age Discrimination in Employment Act ("ADEA"). *See id.* at 356. The Court determined that the evidence was

relevant, however, for the purpose of determining the remedies available under the ADEA, and could be used to limit the employee's claims for backpay to the period from the date of unlawful termination until the date the new information was discovered. *See id.* at 360-62. In addition, where an employer successfully establishes that it would have terminated the plaintiff's employment, "neither reinstatement nor front pay is an appropriate remedy." *Id.* at 362.

In the present matter, the Court finds that Plaintiff's felony conviction qualifies as after-acquired evidence under *McKennon*. While the issue will ultimately be resolved at trial, it is clear that the jury could conclude "that the wrongdoing was of such severity that the employee would in fact have been terminated on those grounds alone if the employer had known of it at the time of discharge." *Id.* at 362-63. Plaintiff argues that the after-acquired evidence rule does not apply to this case because the conduct at issue did not occur while Plaintiff was employed by Defendant, and this is not a situation where Plaintiff failed to disclose his criminal history in the application process. Plaintiff cites no precedent, nor is the Court aware of any such precedent, which holds that employee wrongdoing prior to employment with the employer at issue cannot be used as after-acquired evidence. As to the nature of the process by which Plaintiff became an employee of CHG and whether he failed to disclose his criminal history, that is an issue for the jury to decide, as noted above. Plaintiff also asserts that Defendant should not be permitted to use his felony conviction to support its affirmative defense based on after-acquired evidence because "the conviction is remote in time and unrelated to plaintiff's duties and responsibilities at CHG." Dkt. No. 63-4. These arguments are unavailing. Remoteness has no bearing on this issue, and was addressed above in the context of the admissibility of Plaintiff's convictions for impeachment purposes. Nor does the relationship between Plaintiff's conviction and his job responsibilities at CHG bear on the admissibility this evidence. Finally, Plaintiff contends that use of this

9

conviction would be problematic because it was the result of a guilty plea, rather than a jury verdict. Plaintiff cites no support for this proposition, nor is the Court aware of any authority which draws a distinction in this context between criminal convictions obtained as a result of a jury verdict or a guilty plea.

For the foregoing reasons, the Court finds that Defendant may proffer admissible evidence of Plaintiff's felony conviction in the form of the name of the offense, the date of the conviction, and the sentence, for the limited purposes of impeaching Plaintiff's credibility and mitigating its damages. *See Vichare v. AMBAC, Inc.*, 106 F.3d 457, 466-67 (2d Cir. 1996) (finding no error in trial court's admission of the plaintiff's alleged misconduct to both impeach the plaintiff's credibility under Rule 608 and to mitigate the defendant's damages under *McKennon*); *Zhou v. State Univ. of N.Y. Inst. of Tech.*, No. 6:08-cv-0444, 2013 WL 2237842 (N.D.N.Y. May 21, 2013) (admitting prior bad act evidence under Rule 608 and *McKennon*). The Court encourages the parties to meet and confer in advance of trial to craft an appropriately worded limiting instruction.

**B.      Defendant's Motions** *in Limine*

    **1.      Susan Richey**

In its first motion *in limine*, Defendant seeks an order precluding Plaintiff from calling third-party Susan Richey as a witness or introducing any of her documents at trial. *See* Dkt. No. 70. Plaintiff represents that he does not intend to call Ms. Richey at trial, and that any documents prepared by her would only be used to refresh his recollection. *See* Dkt. No. 95-1. As such, the Court denies Defendant's motion *in limine* as moot, without prejudice to renew should it become necessary during the trial.

    **2.      Plaintiff's Mitigation Efforts**

In its second motion *in limine*, Defendant seeks an order precluding Plaintiff from introducing evidence regarding his efforts to mitigate his damages (*i.e.*, his recently successful effort to obtain employment), which information was disclosed after the close of discovery and weeks prior to the start of the trial. *See* Dkt. No. 73.

Discovery in this case closed on October 30, 2013. On April 29, 2014, counsel for Plaintiff informed Defendant that Plaintiff had begun a new job on March 1, 2014. Defendant essentially asks the Court to impose a discovery sanction on Plaintiff, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure. Defendant claims that Plaintiff's responses to its outstanding demands while discovery was ongoing were deficient, but Defendant did not file a motion to compel prior to the deadline for doing so. Defendant further complains that it only recently learned of Plaintiff's new job. However, Plaintiff could not have disclosed during discovery what transpired after discovery had closed. While Plaintiff certainly could have been more diligent in his disclosure of the news that he had obtained gainful employment, the remedy of preclusion is not warranted here. Plaintiff asserts that "[t]he proof at trial will show that there was no information in existence regarding plaintiff's new job until he secured the position. The proof at trial will show that Plaintiff has no documentation regarding his job search." Dkt. No. 94-1. Notably, Defendant had ample time to seek a pre-trial deposition of Plaintiff on this issue, but did not seek such a deposition. The Court therefore denies Defendant's motion *in limine* without prejudice to renew should it become necessary during the trial.

### 3. Todd Myer and Stephen Szluk

In its third and sixth motions *in limine*, Defendant seeks an order precluding Plaintiff from introducing testimony from former CHG employees Todd Myer and Stephen Szluk. Specifically, Defendant argues that testimony from these witness regarding alleged discrimination, retaliation,

11

or defamation that they suffered experienced as employees of CHG is irrelevant and unfairly prejudicial.  *See* Dkt. No. 76.  In response, Plaintiff contends that testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent.  *See* Dkt. No. 92-1.  Defendant also argues that testimony from these witnesses related to Plaintiff's job performance or qualifications, or the merits of Plaintiff's claims, is irrelevant and unfairly prejudicial, lacks personal knowledge, and would be impermissible opinion testimony.  *See* Dkt. No. 82.  Plaintiff submits that these issues can be resolved at trial, to the extent they arise.  *See* Dkt. No. 93-1.

As a general proposition, the Court cannot make a ruling on Defendant's motions until such time as these witnesses either testify, or their deposition testimony is designated for trial.  As such, the Court reserves judgment on these motions.

Separate from Defendant's motions *in limine*, the Court is also in receipt of correspondence from counsel for Plaintiff requesting a ruling on specific objections from the deposition of Stephen Szluk, and addresses them herein.  The Court has reviewed the objections to the testimony of Stephen Szluk and rules as follows:

Objection at Page 16, Line 25 – **Sustained**

Objection at Page 17, Lines 6, 24 – **Sustained**

Objection at Page 18, Line 2 – **Sustained**

Objection at Page 132, Lines 5, 18 – **Overruled**

### 4. El Camino – CHG Transactional Documents

In its fourth motion *in limine*, Defendant seeks an order excluding from evidence a valuation of CHG's predecessor El Camino prepared by Weil & Company LLP in 2009, and the Sales and Purchase Agreement memorializing the terms of CHG's acquisition of El Camino.  *See*

Dkt. No. 78. In response, Plaintiff asserts that he does not intend to introduce the Weil valuation at trial, and that Defendant's objections as to the relevance and foundation of the Sales and Purchase Agreement should be resolved at trial. *See* Dkt. No. 96-1. The Court agrees with Plaintiff, denies Defendant's motion as to the Weil valuation as moot, and reserves judgment on the motion with respect to the Sales and Purchase Agreement.

### 5. Dirk Matura's and John Sandoval's Alleged Inappropriate Behavior

Defendant's fifth motion *in limine* seeks an order precluding Plaintiff from introducing evidence regarding allegations that CHG's Executive Vice President of Sales Dirk Matura and Executive Vice President of Finance and Administration John Sandoval engaged in certain inappropriate behavior. *See* Dkt. No. 80. Defendant contends that such evidence is irrelevant and unfairly prejudicial. In response, Plaintiff argues that such evidence is relevant to Plaintiff's claims because "it demonstrates CHG's culture of insensitivity to older workers and a bias of favoring younger employers." Dkt. No. 91-1. The Court cannot, at this time, rule on the admissibility of such evidence without first hearing the witnesses' testimony and counsel's questions. Accordingly, the Court reserves judgment on this motion.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* to exclude evidence of his felony conviction (Dkt. No. 63) is **GRANTED in part and DENIED in part** as set forth herein; and the Court further

**ORDERS** that Defendant's motion *in limine* to preclude the documents and testimony of third-party Susan Richey (Dkt. No. 69) is **DENIED** without prejudice to renew; and the Court further

**ORDERS** that Defendant's motion *in limine* to preclude certain evidence of Plaintiff's mitigation efforts (Dkt. No. 72) is **DENIED** without prejudice to renew; and the Court further

**RESERVES** decision on Defendant's motions *in limine* to preclude certain testimony of former employees of CHG (Dkt. Nos. 75, 81); and the Court further

**ORDERS** that Defendant's motion *in limine* to exclude the Weil valuation and the El Camino Sales and Purchase Agreement (Dkt. No. 77) is **DENIED in part** as set forth herein. The motion is moot as to the Weil valuation. The Court reserves decision as to whether Plaintiff may introduce the El Camino Sales and Purchase Agreement; and the Court further

**RESERVES** decision on Defendant's motion *in limine* to preclude evidence related to alleged inappropriate behavior of CHG employees (Dkt. No. 79); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

Dated: May 15, 2014
      Albany, New York

*[signature]*
Mae A. D'Agostino
U.S. District Judge